Maurice GOODEN, Appellant

v.

WARDEN ATLANTIC COUNTY JAIL;
Steven Iuliucci, S.I.D.; Ofc. William
Platt; Ofc. Timothy Keating; Ofc. Jo-
seph Conrad.

No. 13–4008.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 25, 2014.

Opinion filed: June 13, 2014.

Maurice Gooden, Trenton, NJ, pro se.

James T. Dugan, Esq., Atlantic City,
NJ, for Defendant–Appellee.

Before: HARDIMAN, NYGAARD and
ROTH, Circuit Judges.

OPINION

PER CURIAM.

Maurice Gooden appeals pro se from the
judgment of no cause for action entered by
the District Court following a jury trial in
this civil rights action brought by Gooden
under 42 U.S.C. § 1983. For the reasons
that follow, we will affirm.

I.

Because we write primarily for the par-
ties, who are familiar with this case's ex-
tensive procedural history, we discuss that
history only to the extent needed to re-
solve this appeal. In 2007, Gooden com-
menced this action by filing a pro se com-
plaint against five corrections officials
from the Atlantic County Jail ("ACJ") in
New Jersey. Gooden alleged that, on two
occasions in 2006, he was attacked by some
of the defendants while housed in the ACJ
as a pretrial detainee. The defendants
ultimately moved the District Court for
summary judgment. In 2011, the District
Court granted that motion with respect to
two of the defendants—ACJ's warden and
Sergeant Steven Iuliucci—but denied the
motion with respect to Officers Conrad,
Keating, and Platt ("Appellees").

In September 2013, Gooden's claims
against Appellees were tried before a
jury.[1] At the end of the trial, the jury
returned a verdict in favor of Appellees.
As a result, the District Court entered a
judgment of no cause for action. This
appeal followed.[2]

II.

Federal Rule of Appellate Procedure
10(b)(1) requires an appellant to order,
within 14 days of filing the notice of ap-
peal, a transcript of the parts of the Dis-
trict Court proceedings "not already on file
as the appellant considers necessary."
Fed. R.App. P. 10(b)(1). Our local rules
also require an appellant to order such a
transcript, and they provide that an appel-
lant who cannot afford the cost of the
transcript may move to have the transcript

---

1. In April 2013, the United States Magistrate
   Judge who was assigned to the case appoint-
   ed pro bono counsel to represent Gooden.
   Two months later, Gooden asked that counsel
   be removed. The Magistrate Judge, after
   holding a hearing, granted that request. Goo-

den proceeded pro se going forward, repre-
senting himself at trial.

2. We have jurisdiction over this appeal pursu-
   ant to 28 U.S.C. § 1291.

prepared at government expense pursuant to 28 U.S.C. § 753(f). *See* 3d Cir. LAR 11.1.

In this case, we have no trial transcript before us. Gooden neither paid the court reporter to produce that transcript nor moved for relief under § 753(f). In fact, even after Appellees highlighted his failure to do so in their merits brief, Gooden did not file a reply or take any other action. With this in mind, we turn to his claims on appeal.

As best we can tell, Gooden's informal merits brief raises as many as five claims. First, he contends that the District Court erred by failing to admit certain medical records and "pictures" at trial. Second, he claims that his "pre-trial memorandum" was "stolen [a]t court" by "Sheriff or Federal Agents." Third, he alleges that the District Court conspired with Appellees' counsel. Fourth, he appears to raise some challenge to an aspect of the District Court's charge to the jury. Finally, he claims that a witness statement was improperly withheld from the jury.

Gooden's second and third claims are nothing more than bald assertions and give us no reason to disturb the District Court's judgment. As for the remaining three claims, they, too, are undeveloped. But more importantly, those three claims concern issues that cannot be resolved without reviewing the trial transcript. Because Gooden has failed to order that transcript,

we are unable to review those three claims.[3]

In light of the above, we will affirm the District Court's judgment.[4]

---

3. Shortly after Gooden filed his notice of appeal, he filed several letters in the District Court. One of those letters, which was addressed to the Magistrate Judge, stated, inter alia, that Gooden "will [a]sk for Supreme Appeallate [sic] court to subpoena for ... [t]apes of trial." Even if we were to liberally construe this letter as a request for us to grant Gooden relief under § 753(f), we would deny that request because he has failed to show that any of his three transcript-dependent claims presents a substantial question. *See* 28 U.S.C. § 753(f).

4. Although we may dismiss an appeal based on an appellant's failure to order a transcript, *see* Fed R.App. P. 3(a)(2), we decline Appellees' invitation to take that action here. *See Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc.,* 884 F.2d 89, 93 (3d Cir.1989) (explaining that "[d]ismissal of an appeal for failure to comply with procedural rules is not favored").